PIPKIN et al. v. FIRST NAT. BANK OF CANYON et al.

(Court of Civil Appeals of Texas. Amarillo. June 22, 1912.)

APPEAL AND ERROR (§ 759*)—BRIEFS—PREPARATION—ASSIGNMENTS OF ERROR.

Where assignments of error as found in the transcript were not copied in the brief, and in many instances assignments as brought forward in the brief presented an entirely different legal question from that raised or sought to be raised by the same assignments as found in the transcript, they would not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3094; Dec. Dig. § 759.*]

Appeal from District Court, Randall County; J. N. Browning, Judge.

Action by the First National Bank of Canyon and others against Canyon Mercantile Company and others. From a judgment for plaintiffs, defendants J. C. and R. S. Pipkin appeal. Affirmed.

J. C. Hunt, of Canyon, for appellants. A. S. Rollins, of Amarillo, and B. Frank Buie, of Canyon, for appellees.

GRAHAM, C. J. On October 6, 1911, one of the appellees, the First National Bank of Canyon, Tex., filed suit in the district court of Randall county, against the Canyon Mercantile Company, J. C. Pipkin and R. S. Pipkin, as makers, and against J. E. Rogers, on the alleged assumption and agreement to pay, for the balance of principal, interest, and attorney's fees alleged to be due on two certain promissory notes, one originally being for $1,000, and the other originally for $6,000, alleging a valid and binding deed of trust lien on certain lands, as well as a pledgee's lien on certain personal property, securing the payment of the $6,000 note, and prayer was made for judgment, for debt, and foreclosure of the liens. On November 6, 1911, appellants, J. C. Pipkin and R. S. Pipkin, filed their original answer denying that they executed said notes or either of them as principals, but alleged that they executed same as sureties for the Canyon Mercantile Company as principal and as a matter of accommodation for the payee, appellee bank herein, and at the instance and request of the agents of said bank; also pleaded that, after the execution and delivery of said notes, they had each sold all of their stock and interest in the Canyon Mercantile Company, a private corporation, to their codefendant, J. E. Rogers, who, as a part consideration for the purchase of said stock, had assumed and agreed to pay and hold harmless said J. C. and R. S. Pipkin, on their personal liabilities, arising from their having signed said notes as sureties. Prayer was then made that they be discharged, and in the alternative prayer was made that, in the event they were held liable on the notes sued on, they recover over against their said codefendant, J. E. Rogers, on his assumption contract. On November 9, 1911, the appellee J. E. Rogers filed his first amended answer and admitted the purchase from his codefendants J. C. Pipkin and R. S. Pipkin of their stock in the Canyon Mercantile Company, but expressly denied personal liability for any of the personal obligations of said Pipkins. On November

23, 1911, the cause was tried before the court without a jury, and judgment was rendered for plaintiff First National Bank of Canyon, Tex., and against the defendant Mercantile Company as principal, and against J. C. Pipkin and R. S. Pipkin as sureties, for the balance of the principal, interest, and attorney's fees due on both of the notes sued on, and a foreclosure of the deed of trust lien on the lands, as well as the pledgee's lien on the personal property securing the payment of the $6,000 note was awarded, but judgment was rendered that neither plaintiff nor the defendants J. C. Pipkin or R. S. Pipkin take anything as against the defendant J. E. Rogers. From this judgment J. C. Pipkin and R. S. Pipkin alone have appealed to this court and submit the case in this court on several assignments of error to the consideration of any of which, by us, appellees the First National Bank of Canyon and J. E. Rogers object.

There is on file in this court, as a part of the record, findings of fact and conclusions of law, prepared and filed by the trial court, as well as a statement of facts, all of which we have carefully read in connection with appellants' assignments of error, and while under the objections made by the appellees we are inclined to the opinion that we are without authority to consider any one of appellants' assignments of error, we have reached the conclusion that, even if we were to consider them, no such error is shown by the record as would warrant a reversal of this cause.

An inspection of the record shows that appellant has not complied with rule 29 (142 S. W. xii), for the government of the Courts of Civil Appeals, in bringing his purported assignments of error into his brief, in that in no instance is the assignment of error as found in the transcript, copied in the brief, and in many instances the assignment of error as brought forward in the brief presents an entirely different legal question to the one raised or sought to be raised by the same assignment as found in the transcript.

We have examined the entire record without regard to the assignments of error sought to be brought forward by appellants, and, finding no error requiring a reversal of the cause, the judgment of the trial court will in all things be affirmed, and it is so ordered.